**BERGER MONTAGUE PC**
Joshua P. Davis (Bar No. 193254)
Kyla J. Gibboney (Bar No. 301441)
Julie A. Pollock (Bar No. 346081)
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (800) 424-6690
Facsimile: (215) 875-4604
jdavis@bm.net
kgibboney@bm.net
jpollock@bm.net

*Counsel for Plaintiffs Keith Bujold, Edward Nadolny, and Darren Cobb and Proposed Interim Class Counsel*

[*Additional Counsel Listed on Signature Page*]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Wells Fargo Cash Sweep Litigation* | Case No. 3:24-cv-04616-VC  <br><br>**NOTICE OF MOTION AND PLAINTIFFS KEITH BUJOLD, EDWARD NADOLNY, AND DARREN COBB'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**  <br><br>Date:  March 27, 2025  <br>Time:  2 p.m.  <br>Judge: Hon. Vince Chhabria |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 27, 2025 at 2 p.m., before the Honorable Vince Chhabria, at the United States District Court for the Northern District of California, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 4, 17th Floor, San Francisco, California, Plaintiffs Keith Bujold, Edward Nadolny, and Darren Cobb will move this Court for an order appointing Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), Simmons Hanly Conroy LLP ("SHC"), and Berger Montague PC ("BMPC") as Interim Class Counsel of this consolidated class action.

The Motion is based upon this Court's Order (ECF No. 103), this Notice of Motion, accompanying Memorandum of Points and Authorities in support, the Joint Declaration of Salvatore J. Graziano, Sona R. Shah, and Michael Dell'Angelo in support and exhibits thereto, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

## STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should appoint BLB&G, SHC, and BMPC as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g).

Plaintiffs Keith Bujold, Edward Nadolny, and Darren Cobb (collectively, "Plaintiffs") respectfully request appointment of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), Simmons Hanly Conroy LLP ("SHC"), and Berger Montague PC ("BMPC") as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g).[1]

## I. INTRODUCTION

Proposed Interim Class Counsel BLB&G, SHC, and BMPC—referred to herein as "Sweeps Counsel"—are ideally suited to represent the class, having obtained billions of dollars on behalf of injured investors and consumers in similar class actions, including well over ***$1.5 billion*** in cases against Wells Fargo itself. The firms have had unparalleled success and experience in prosecuting the same kinds of claims asserted here in litigation against sophisticated financial institutions, including at trial. In this case, Sweeps Counsel have assembled a team that includes the most prominent experts in the field, including Professor Robert J. Jackson, Jr., a former SEC Commissioner, who worked to develop the governing SEC rules concerning broker-dealers' obligations to act in the best interests of their retail customers, and Professor Edwin Hu, a former SEC chief economist. Sweeps Counsel have invested substantial time and resources to work with these and other experts to analyze extensive proprietary data they acquired, and have developed the most detailed and well-supported allegations that the sweep rates Wells Fargo paid to its customers were unreasonably low. Sweeps Counsel also are aided in their efforts by Paul Bland, who is a nationally recognized leader in the arbitration issues raised by Wells Fargo here.

Simply put, Sweeps Counsel are the applicants best able to represent the interests of the class of Wells Fargo customers in this case, and have the resources, qualifications, and commitment required to vigorously prosecute their claims as Interim Class Counsel. Numerous other federal courts have recognized as much, appointing Sweeps Counsel law firms as interim

---

[1] Defendants are Wells Fargo Clearing Services, LLC, d/b/a Wells Fargo Advisors ("WFA"), Wells Fargo Bank N.A., and Wells Fargo & Co. (collectively, "Wells Fargo" or "Defendants"). The related actions are *Bujold v. Wells Fargo & Co.*, No. 24-cv-4616 (N.D. Cal.) ("*Bujold*"), *Nadolny v. Wells Fargo & Co.*, No. 24-cv-4633 ("*Nadolny*"), *Varady v. Wells Fargo & Co.*, No. 24-cv-4917 (N.D. Cal.) ("*Varady*"), *Cobb v. Wells Fargo & Co.*, No. 24-cv-6696 (N.D. Cal.) ("*Cobb*"), *Brickman Invs. Inc.*, No. 25-cv-1786 (N.D. Cal.) ("*Brickman*"), *Chakravarthy v. Wells Fargo & Co.*, No. 25-cv-1968 (N.D. Cal.) ("*Chakravarthy*"), *Christner v. Wells Fargo & Co.*, No. 25-cv-1785 (N.D. Cal.) ("*Christner*").

class counsel in *six* other cash sweep class actions against other financial institutions—including JPMorgan, UBS, Charles Schwab, Ameriprise, LPL Financial, and Raymond James. That experience and expertise will aid the proposed class in this case. Fed. R. Civ. P. 23(g)(1)(A).

Sweeps Counsel have demonstrated that here—including by investigating Wells Fargo and other leading firms with problematic cash sweep programs for over a year before filing the first complaint. Specifically, while BMPC, SHC, and BLB&G filed the first, second, and fourth Wells Fargo customer cash sweep cases, respectively, their pleadings were the product of a months' long investigation and reflect anything but a "rush to the courthouse." And since August 2024, the firms have worked together to serve document requests on Defendants, pursued FOIA materials, negotiated and obtained an aggressive case schedule, vigorously opposed the meritless industry-wide MDL application filed and supported by competing Rule 23(g) applicants, and were the only counsel that worked to organize these cases by intervening and seeking transfer of other related Wells Fargo actions filed in outlier jurisdictions. Significantly, the plaintiffs represented by Sweeps Counsel—Plaintiffs Bujold, Nadolny, and Cobb—cover the landscape, and have non-managed and managed accounts, as well as retirement accounts and brokerage accounts, and thus have standing to represent and fully cover all possible claims on behalf of the entire class.

The only two competing applicants—(i) the Gibbs Law Group and (ii) RGRD and Edelsberg (defined below)—do not come close, and their litigation efforts to date have only resulted in delay and harm to the class.  The class here deserves better, and Rule 23(g) calls for it.

Sweeps Counsel have been at the forefront of the cash sweep cases, and have developed an unmatched expertise in the kind of cash sweep programs at financial institutions like Wells Fargo through their leadership of similar cases across the country. Sweeps Counsel's expertise will not only benefit the class, it will also ultimately lead to efficiencies and reduced costs and expenses. The class will also benefit from Sweeps Counsel's well-earned reputation as aggressive advocates, their intimate familiarity with the rules governing class actions in the Northern District of California, and their track record of achieving exceptional victories in complex financial litigation—including in cases in this District against Wells Fargo. Their diverse group of attorneys bring a wide range of knowledge, skills, background, and tools to benefit the class—and Sweeps

Counsel has committed to ensuring their prosecution of this case reflects that diversity. By appointing Sweeps Counsel, the proposed class will receive the highest caliber representation.

## II.     PROCEDURAL HISTORY

Sweeps Counsel's investigation into cash sweep programs began in August 2023, almost a year before Sweeps Counsel BMPC filed *Bujold*, which was the first case in this consolidated action. After months of careful investigation, including multiple discussions with plaintiffs and review of their client documents, canvassing jurisprudence relating to cash sweep programs, obtaining historical versions of key documents associated with Wells Fargo's cash sweep program, and consulting experts like former SEC Commissioner Robert J. Jackson, Jr., the Sweeps Counsel firms filed three cases—*Bujold*, *Nadolny*, and *Cobb*—in 2024.

On September 23, 2024, the Court adopted a schedule for seeking appointment Interim Class Counsel, approving a stipulation filed by the parties in *Bujold*, *Nadolny*, and a fourth action, *Varady* (filed by Gibbs), to consolidate those cases and set a schedule for Interim Class Counsel briefing. *Bujold*, ECF No. 31 at ¶¶1-2 ("Consolidation Order"). Sweeps Counsel had numerous discussions with Gibbs to avoid motion practice and work together in this case. But Gibbs was unwilling to agree to shared leadership—and thus Sweeps Counsel and Gibbs filed competing Rule 23(g) applications on the September 30 deadline. Joint Decl. ¶¶22-23.[2]

Despite the fact that numerous well-publicized cash sweep class actions against Wells Fargo were filed in this Court, Robbins Geller Rudman & Dowd ("RGRD") and Edelsberg Law, P.A. ("Edelsberg") filed other Walls Fargo cases—*Brickman*, *Chakravarthy*, and *Christner*—outside of this District on October 11, 2024, October 14, 2024, and November 22, 2024, respectively. Joint Decl. ¶24. On October 30, just two days before the hearing on the fully-briefed leadership motions filed by Sweeps Counsel and Gibbs, RGRD filed a petition with the JPML to centralize dozens of cash sweep cases against 11 unrelated financial institutions, and then moved to intervene and stay this action on the basis of its just-filed MDL application. ECF Nos. 74, 75. RGRD's stay request, which was joined by Edelsberg, included pages of briefing seeking RGRD's

---

[2] References to "Ex. __" are to exhibits to the Joint Declaration ("Joint Decl."), filed herewith. Unless otherwise indicated, all internal citations are omitted.

appointment as interim class counsel in the event the stay was denied. *Id.*; ECF No. 76. Sweeps Counsel opposed the requested stay at the conference, raising concerns about the delay it would cause. Ex. F at 16:6-11. After the Court stayed this action, RGRD and Edelsberg continued to file other cash sweep actions against other financial institutions in satellite jurisdictions, as they did here, in an effort to bypass disrupt established leadership processes.

On February 7, 2025, RGRD's MDL application was denied, *In re Cash Sweep Programs Cont. Litig.*, 2025 WL 428534, at *1 (J.P.M.L. Feb. 7, 2025), and the Court set a new case management conference for February 28. ECF No. 89. At the conference, the Court emphasized the importance of Rule 23(g)'s focus on the work, effort, and care counsel put into developing the claims, evidence, and representation for the class—the very things that Sweeps Counsel have focused on in pursuing the claims in this case. Ex. G at 13:20-25.

### III.  Legal Standard

Under Rule 23(g)(3), the court "'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *Paraggua v. LinkedIn Corp.*, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012). Under Rule 23(g), courts consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(E)(ii).

### IV.  ARGUMENT

As set forth below and in the accompanying Joint Declaration, Sweeps Counsel are the applicants best able to represent the interest of the class based on the Rule 23(g) factors, including as articulated by the Court at the February 28 hearing.

#### A.  Sweeps Counsel Have Demonstrated Their Qualifications to Prosecute the Claims Against Wells Fargo by Conducting the Best Investigation (Factor 1)

Sweeps Counsel have conducted the best investigation into the claims against Wells Fargo.

Their pleadings were not the result of a "race to the courthouse" but the product of a months-long investigation. Since the filing of those complaints, BLB&G, SHC, and BMPC continued to undertake their extensive (and ongoing) investigation into Wells Fargo cash sweep programs, including, among other things, interviewing 71 former financial institution employees, 25 of whom were employed by Wells Fargo; consulting with numerous industry and data analytics experts; and engaging in extensive research into the relevant customer disclosures and agreements, available remedies and causes of action, and Wells Fargo's potential defenses. *See* Joint Decl. ¶16.

Sweeps Counsel's investigation into the claims against Wells Fargo also reflects their work with former Commissioner Jackson and Professor Jackson's former SEC colleague, University of Virginia School of Law Professor Edwin Hu, a former senior economic policymaker at the White House's National Economic Council and SEC chief economist. Ex. A at 1; Ex. B at 1, 4. Sweeps Counsel purchased proprietary data concerning cash sweep rates and other relevant metrics over a period of years and worked together with these experts to analyze this data, alongside an extensive review of prior versions of Defendants' cash sweep program disclosures.[3]

The work by BLB&G, BMPC and SHC to date has yielded highly detailed pleadings in the *Bujold*, *Nadolny*, and *Cobb* complaints. For example, the *Bujold* complaint includes important allegations concerning WFA's fiduciary status, including citations to customer agreement language making clear its status as Wells Fargo customers' "agent" when "establishing and maintaining" the Cash Sweep Programs, and that WFA exercises its "discretion" in its capacity as its customers' agent. *Bujold*, ECF No. 1 at ¶¶5, 15-25.[4] And the *Cobb* complaint contains detailed allegations concerning the rates paid to Wells Fargo customers and relevant points of comparison—reflecting the kind of expert analysis and factual development that will be crucial to

---

[3] *See also* SEC Commissioner Robert J. Jackson, Jr., "Statement on Final Rules Governing Investment Advice," June 5, 2019, *available at* https://www.sec.gov/news/public-statement/statement-jackson-060519-iabd.

[4] This is highly significant, because when acting as an agent in establishing the programs, Wells Fargo undertook a fiduciary duty to act in its customers' best interests.

proving the claims in this case. *See, e.g.*, *Cobb*, ECF No. 1 at ¶¶48, 53-66.[5]

Among the applicants, Sweeps Counsel have done the most to advance this case on behalf of the class. For example, Sweeps Counsel proposed a more aggressive schedule than competing applicant Gibbs, served document requests on Wells Fargo in October 2024 (which Gibbs later joined), pursued FOIA materials from the SEC, CFPB, among others, and were the only parties who timely moved to transfer *Brickman* (filed by RGRD in New York) and *Chakravarthy* (filed by Edelsberg in the Central District of California) to this Court. Joint Decl. ¶¶16, 24.

In addition, Bujold, Nadolny, and Cobb are particularly well-suited to lead this case because they cover all types of claims and will vigorously prosecute this instant action. The three plaintiffs collectively hold managed and non-managed accounts, as well as retirement accounts, meaning that all class members will be adequately represented. *See* Joint Decl. ¶¶10-15.

In recognition of their efforts, numerous courts have already appointed members of the Sweeps Counsel team as interim class counsel in cash sweep actions against Ameriprise, UBS, LPL, Charles Schwab, Raymond James, and JPMorgan. *See* Exs. H-M; Joint Decl. ¶¶25-26. In doing so, other federal judges have noted that Sweeps Counsel "have already done extensive work on this case, have vast experience in class actions involving financial matters, are obviously well-versed in the applicable law, and have the resources necessary to prosecute this action" (Ex. I at 3); have "undertaken an extensive investigation….including, inter alia, acquiring and reviewing relevant data, consulting with experts, and reviewing client documents," (Ex. K at 2), and that their "substantial and ongoing investigation" has benefitted from their work with Professors Jackson and Hu (Ex. L at 4). As those courts have recognized, Sweeps Counsel's prosecution of these similar cases will reduce expenses, as it will lead to cost efficiencies and allow factual and strategic development and expertise to be leveraged across cases. Joint Decl. ¶26.

### B. Sweeps Counsel's Unparalleled Experience in Prosecuting Similar Claims Against Financial Institutions Like Wells Fargo (Factors 2 and 3)

Together, Sweeps Counsel have unmatched experience and expertise recovering billions

---

[5] As decisions in similar cases hold, the factual and expert evidence of the rates paid to customers—and the appropriate relevant comparators—will be critical to class certification and proving liability. *See, e.g.*, *Vallely v. Merrill Lynch*, 2023 WL 2918982, at *5-6 (S.D.N.Y. Apr. 12, 2023).

of dollars from brokerage firms, banks, and other financial institutions in prosecuting the very causes of action at issue here, including actions *against Wells Fargo itself*—demonstrating unmatched expertise in pursuing the claims of the class here. *See* Joint Decl. ¶¶2-9; Exs. C-E.

*First*, Sweeps Counsel have been at the forefront of efforts to develop and prosecute cash sweep claims against different brokerage firms across the country—and no other experience is more on point. Sweeps Counsel's insight into the underlying claims and defenses is reflected in the detailed amended complaints the firms have filed in cases against Morgan Stanley, UBS, Ameriprise, LPL, and Raymond James (Exs. N-R), and the firms' robust oppositions to defendants' motions to dismiss and compel arbitration in cases against Ameriprise and LPL. In these cases, the firms' efforts were aided by BMPC's Paul Bland, a renowned expert on the arbitration issues that Wells Fargo has raised and who will bring that experience to bear here.

*Second*, Sweeps Counsel has recovered over $1.5 billion on behalf of investors in class actions against Wells Fargo. *Hefler v. Wells Fargo & Company*, No. 16-cv-05479 (N.D. Cal.) (Tigar, J.) ($480 million recovery in case arising from Wells Fargo's "fake account scandal"); *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-cv-1376 (N.D. Cal.) (Koh, J.) ($125 million recovery in case concerning Wells Fargo's underwriting of mortgage pass-through certificates); *Wells Fargo & Co. Securities Litigation*, 20-cv-04494 (S.D.N.Y.) (Woods, J.) ($1 billion recovery, the largest ever in a securities class action not involving a restatement, an SEC action, or DOJ criminal charges). Through their prosecution of these actions, Sweeps Counsel has gained significant insight into, among other things, how Wells Fargo litigates and interacts with its regulators.

*Third*, Sweeps Counsel have exceptional experience prosecuting the very causes of action at issue here. For example, BLB&G recently secured a jury verdict finding that Fannie Mae and Freddie Mac breached the implied covenant of good faith and fair dealing, leading to a judgment of over $800 million. *In re Fannie Mae/Freddie Mac Senior Preferred Stock Purchase Agreement Class Action Litig.*, No. 13-mc-1288-RLC (D.D.C). Similarly, BLBG recovered over $2 billion for investors in Allianz's Structured Alpha Funds—the majority of whom alleged breach of contract and/or breach of fiduciary duty claims. *See In re Allianz Glob. Invs. U.S. LLC Alpha Series*

*Litig.,* 2021 WL 4481215 (S.D.N.Y. Sept. 30, 2021).

BMPC has similar success in certifying class actions and securing outsized recoveries in cases alleging breach of contract and breach of fiduciary duty. For example, BMPC and BLB&G together obtained a $78.5 million recovery following a four-day bench trial in a case alleging breaches of contract and of the covenant of good faith and fair dealing. *In re CVR Refining, LP Unitholder Litig.,* No. 2019-00062-KSJM. BMPC has repeatedly certified classes and obtained strong results in breach of contract and similar claims. *See, e.g., Brown v. Kinross Gold U.S.A. Inc.,* No. 02-cv-00605 (D. Nev.) (recovering $35.7 million, approximately 100% of damages, on breach of contract claim); *Clements v. JPMorgan Chase Bank, N.A.,* No. 12-cv-02179 (N.D. Cal.) (recovering $22.1 million in consumer class action alleging breach of contract). SHC has similarly obtained exceptional results, and is currently leading some of the most high-profile consumer class actions today. *See, e.g., Calhoun v. Google LLC,* 113 F.4th 1141 (9th Cir. 2024) (reversing summary judgment in consumer class action alleging breach of contract and fair dealing).

***Fourth***, Sweeps Counsel have achieved the largest class action recoveries and significant trial victories in the Ninth Circuit—and have attorneys with the skill and expertise to obtain a verdict for the class and pursue their claims in any appeal. For example, BLB&G recovered over $1 billion for investors in *In re McKesson HBOC Securities Litigation, Inc.* (N.D. Cal.), the largest securities class action recovery ever in the Ninth Circuit, while SHC helped achieve a $15.9 billion recovery in the Volkswagen fake emissions action. *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 (N.D. Cal.). Certain of the Sweeps Counsel firms have experience before this Court—including, for example, in an antitrust action against Align and a consumer action against Tesla (Ex. S)—and each has received praise from judges in Northern California, as further described in Exhibit T.[6]

### C. Sweeps Counsel Have Extensive Resources and the Wherewithal Needed to Litigate Against Wells Fargo (Factor 4)

As exemplified by their extensive track record, Sweeps Counsel have ample resources and

---

[6] BLB&G has extensive experience in this District, but not before Your Honor, and looks forward to that opportunity.

wherewithal to successfully prosecute these claims in an efficient and cost-effective manner.

*Financial resources.* BLB&G, SHC, and BMPC are well-capitalized and have exemplary financial resources, and each firm stands ready, willing, and able to commit the resources necessary to litigate this case vigorously to its conclusion. *See* Exs. C-E.

*Geographic resources.* Wells Fargo is headquartered in San Francisco, where BMPC and SHC maintain offices, and relevant witnesses are located in Los Angeles, where BLB&G and SHC maintain offices. The relevant misconduct took place in California and other parts of the U.S. Sweeps Counsel's combined 410 attorneys in 19 offices around the country provide the broad geographic reach necessary to vigorously prosecute these claims. *See* Exs. C-E.

*Trial resources.* Sweeps Counsel have extensive trial experience and have achieved several of the largest and most significant class action victories in recent memory. For example, in 2023, BLB&G recovered $812 million for Fannie Mae and Freddie Mac investors in a unanimous trial verdict—a victory secured after two trials and 10 years of litigation. *See also* Ex. C at 7. SHC was co-lead trial counsel in one of the first opioid cases to go to trial, obtained a plaintiffs' jury verdict, and later secured $60 billion in global settlements. Ex. D at 4-5. BMPC likewise has extensive trial experience and twice won the prestigious Public Justice Foundation's Trial Lawyer of the Year Award. Ex. E at 1-2. On June 13, 2024, in *United States ex rel. Penelow v. Janssen Products, LP*, No. 12-cv-7758 (D.N.J.), BMPC secured a unanimous jury verdict that once finalized will be one of the largest False Claims Act jury verdicts in history. Ex. E at 29.

*Appellate resources.* Sweeps Counsel also have significant appellate expertise and experience. For example, BLB&G is responsible for numerous investor victories at the U.S. Supreme Court and other appellate courts. In the past several months alone, the firm achieved two highly unusual "DIGs" (or "dismissal as improvidently granted") at the Supreme Court—securing resounding victories for investors that upheld important Ninth Circuit victories the firm had obtained in cases against Facebook and NVIDIA. Similarly, in 2024, BMPC, led by San Francisco-based shareholder Joshua Davis, won a 9-0 victory at the U.S. Supreme Court on behalf of a terminated federal employee in *Harrow v. Department of Defense*, 601 U.S. 480 (2024). And SHC partner Thomas Sheridan has more than 45 years of experience arguing appeals in the state and

federal courts throughout the country, including in the Ninth Circuit, and the firm has been responsible for other recent appellate victories in cases just like this one. *Calhoun,* 113 F.4th 1141.

***The firms' case management protocols, efficiencies, and diversity.*** Not only have Sweeps Counsel demonstrated their ability to effectively prosecute this action as described above, they have also agreed to established protocols in a Joint Prosecution Agreement to ensure the cost-effective prosecution of this case. Those protocols will help ensure that duplication of effort will be minimized, case tasks will be effectively allocated, all attorney time and expenses will be contemporaneously recorded, such records will be regularly monitored, and only reasonable expenses will be sought from the class. *See, e.g.*, Joint Decl. ¶19. Further, and as detailed in the Firm's resumes, Sweeps Counsel bring a diversity of knowledge, skills, background, and tools to benefit the class in this case—and the firms have committed to staffing these cases so that the attorneys and staff responsible for them reflect the strength arising out of this diversity. *Id.*

The three-firm leadership structure proposed by Sweeps Counsel tracks virtually every other interim class counsel structure approved in the other pending cash sweep class actions (*see* Exs. I-L), and follows the multiple-firm structure this Court has approved in other cases. *See, e.g.*, *In re: Roundup Products Liability Litigation*, No. 16-md-02741 (N.D. Cal.). In fact, numerous courts have highlighted Sweeps Counsel's partnership here. For example, in UBS, Magistrate Judge Gorenstein noted that a three-firm structure was appropriate in a case "of this magnitude," that the ability to share risk among multiple firms protected the class, and that the firms there had "persuasively argue[d] that the pooling of expertise will in fact achieve efficiencies." Ex. I at 2. The same is true here—as Sweeps Counsel have taken the same measures in this case, are subject to the same percentage fee (which must be approved by the Court), and have every incentive to litigate this action as efficiently as possible, consistent with their obligation and demonstrated commitment to prosecuting this action vigorously and in the best interests of the class.

V. **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court appoint BLB&G, SHC, and BMPC as Interim Class Counsel under Rule 23(g).

Dated: March 6, 2025

Respectfully submitted,

/s/ Joshua P. Davis
Joshua P. Davis (Bar No. 193254)
Kyla J. Gibboney (Bar No. 301441)
Julie A. Pollock (Bar No. 346081)
**BERGER MONTAGUE PC**
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Tel: (800) 424-6690
jdavis@bm.net
kgibboney@bm.net
jpollock@bm.net

-and-

Michael Dell'Angelo (*pro hac vice*)
Andrew D. Abramowitz*
Jacob M. Polakoff (*pro hac vice*)
Alex B. Heller*
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
mdellangelo@bm.net
aabramowitz@bm.net
jpolakoff@bm.net
aheller@bm.net


Jonathan D. Uslaner (Bar No. 256898)
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481
jonathanu@blbglaw.com

-and-

Salvatore J. Graziano (*pro hac vice*)
John J. Rizio-Hamilton*
Avi Josefson*
Michael D. Blatchley*
Adam H. Wierzbowski
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
salvatore@blbglaw.com
johnr@blbglaw.com
avi@blbglaw.com

michaelb@blbglaw.com
adam@blbglaw.com

Deborah Rosenthal (Bar No. 184241)
**SIMMONS HANLY CONROY LLP**
455 Market Street, Suite 1270
San Francisco, CA 94105
Telephone: 415-536-3986
drosenthal@simmonsfirm.com

-and-

Thomas I. Sheridan, III (*pro hac vice*)
Sona R. Shah (*pro hac vice*)
**SIMMONS HANLY CONROY LLP**
112 Madison Avenue
New York, NY 10016
Telephone: (212) 784-6404
Facsimile: (212) 257-8482
tsheridan@simmonsfirm.com
sshah@simmonsfirm.com

*Counsel for Plaintiffs Keith Bujold, Edward Nadolny, and Darren Cobb and Proposed Interim Class Counsel*

\**pro hac vice* forthcoming