UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Wells Fargo Cash Sweep Litigation | Case No. 24-cv-04616-VC <br><br> **ORDER RE MOTION TO DISMISS** <br> Re: Dkt. No. 132 |

The motion to dismiss is granted in part and denied in part. The claims for breach of contract based on the "excessive fees" theory, breach of fiduciary duty for non-advisory clients, and unjust enrichment are dismissed. WFC and FiNet are also dismissed. All other claims remain. This order assumes the reader's familiarity with the facts, relevant legal standards, and arguments made by the parties.

1. *Statute of Limitations*. The plaintiffs' claims are not barred by New York's statute of limitations, which is six years for all claims including the breach of fiduciary duty because the complaint seeks equitable relief. *See Lewin v. Richard Avedon Foundation*, No. 11-CV-8767, 2015 WL 3948824, at *5 (S.D.N.Y. June 26, 2015). The plaintiffs filed within that limitations period.

Wells Fargo argues that California's four-year statute of limitations should apply instead of New York's. That is wrong. Both parties agree that the contract has a choice of law provision which chooses "the laws of the State of New York without regard to choice of law provisions." Def's Ex. 2 ¶ 36.[1] The phrase "without regard to choice of law provisions" means that the forum

---

[1] Wells Fargo's Request for Judicial Notice is granted for Exhibits 1–14 and 22–24 and the Plaintiffs' Request for Judicial Notice is granted for Exhibits A, B, and E. The parties agree these

state's (California's) conflict of laws rules apply. *See Rindlisbacher v. Steinway, Inc.*, NO. 20-17331, 2021 WL 6067258, at *2 (9th Cir. 2021); *see also Babeu v. Apple, Inc.*, No. 21-CV-11967, 2022 WL 3586078, at *3–4 (D. Mass. Aug. 22, 2022). Applying the forum state's conflict of laws rules also comports with the Ninth Circuit's default rule in diversity cases. *See Jergens v. 5th Axis*, No. 20-CV-2377, 2021 WL 1139417, at *3 (S.D. Cal. 2021) (citing *S. A. Empresa v. Boeing*, 641 F.2d 746, 749 (9th Cir. 1981)). And under California's conflict of laws rules, a choice of law provision includes the chosen state's statute of limitations. *See Hatfield v. Halifax*, 564 F.3d 1177, 1183 (9th Cir. 2009). The claims are therefore subject to New York's statute of limitations.

    2. *Waiver of Contract Claims*. The plaintiffs did not waive their contract claims. Wells Fargo argues that the plaintiffs waived their right to sue under the contracts because they opened their accounts years ago and never disputed their interest rates, despite knowing what rates they were receiving. But waiver only occurs if contract rights are "knowingly, voluntarily and intentionally abandoned" and "should not be lightly presumed." *Kamco Supply Corp. v. On the Right Track, LLC*, 49 N.Y.S.3d 721, 730 (N.Y. 2d Dep't 2017). "Mere silence, oversight or thoughtlessness in failing to object to a breach" is not enough. *Beth Israel v. Horizon Blue Cross*, 448 F.3d 573, 585 (2d Cir. 2006). Here, nothing in the complaint suggests that the plaintiffs knew about the alleged breach and intentionally chose to continue accepting the interest rates. *See Eastman Chemical Co. v. Nestle*, No. 11 Civ. 2589, 2012 WL 4474587 at *3 (S.D.N.Y. Sept. 28, 2012).

    3. *Breach of Contract*. The plaintiffs have stated a breach of contract claim based on the theory that Wells Fargo promised its cash sweep clients a reasonable rate of interest. *See, e.g.*, Cash Sweep Program Disclosure ("By making the Cash Sweep Program available, Wells Fargo Advisors assumes no obligation to seek or negotiate interest rates in excess of any reasonable rate of interest the affiliated Program Banks are willing to credit."); Roth IRA Custodial

---

documents are subject to judicial notice because they are incorporated by reference in the complaint and not subject to reasonable dispute.

Agreement ("Assets of the IRA may be invested in deposits of Wells Fargo Bank, N.A. (or an affiliate) that bear a reasonable rate of interest."); Regulation Best Interest Disclosure ("While we have policies and procedures designed to pay a reasonable rate of interest based on prevailing interest rates at other or similar financial services firms, our rates are not always the highest interest rates available.").

Wells Fargo first argues that the contracts do not contain a contractual promise to pay a reasonable rate of interest. But drawing all inferences in the plaintiffs' favor, a consumer would interpret these statements as promising a reasonable rate of interest.

Wells Fargo next argues that the statements in the Regulation Best Interest Disclosure and the IRA Disclosures cannot be contractual promises because those are regulatory documents, and the corresponding regulations do not provide for a private right of action. Wells Fargo fails to explain why a promise is unenforceable simply because it is contained in a document that Wells Fargo is required to issue by regulation. Further, the plaintiffs don't seek to bring claims for violations of the SEC's Regulation Best Interest regulations or for violations of the IRS statute (nor do they allege that either of those require Wells Fargo to pay a reasonable rate of interest). That is what differentiates this case from *Hauptman v. Interactive Brokers*, for example, where the contract language merely stated that "all transactions are subject to rules and policies of relevant markets," and the plaintiffs there then sought to bring a breach of contract claim based on a violation of a FINRA rule. No. 17 Civ. 9382, 2018 WL 4278345, at *7 (S.D.N.Y. June 12, 2018).

Finally, Wells Fargo argues that the complaint does not adequately allege breach. The complaint alleges that from 2021-2024, Wells Fargo paid about 0.01-0.14% interest. In contrast, the complaint alleges that five comparable firms that swept cash into unaffiliated banks paid substantially higher rates, including Vanguard and Fidelity which paid between 2-3.6% during that same timeframe. *See* Complaint ¶¶ 116–17, 119. The complaint also cites an industry-wide analysis of 300 cash sweep programs whose index was fifteen times higher than Wells Fargo's rate during that time. And the complaint alleges that the federal funds rate increased significantly

starting in 2022, while Wells Fargo's rate barely changed at all in response. *Id.* ¶ 125. While there is no expectation that Wells Fargo's rate matches the federal funds rate, it is plausible that the reasonableness of an interest rate should track the trajectory of the federal funds rate, i.e., when the federal funds rate increases significantly, what is considered "reasonable" should also increase as well. Further, the complaint references the SEC's statement that Wells Fargo "failed to adopt and implement reasonably designed policies and procedures to consider the best interests of clients when evaluating and selecting which cash sweep program options to make available to clients, including during periods of rising interest rates." *Id.* ¶ 140. And Wells Fargo shortly thereafter raised its rates and stated that the raise was to "better align with rates paid in money market funds." *Id.* ¶ 137. All put together, the complaint adequately alleges breach of the promise to pay a reasonable rate of interest.[2]

However, the plaintiffs failed to allege a breach of contract claim based off the theory that Wells Fargo's remittance of a low interest rate to customers violated its promise not to "charge excessive commissions and other fees." Account Disclosures, Ex. 14 at 4. At least in this provision cited in the complaint, the "fees" discussed are clearly not in reference to the cash sweep program. *Id.* A claim based on this theory is therefore dismissed.

      4. *Breach of Implied Covenant of Good Faith and Fair Dealing*. Wells Fargo argues that this claim should be dismissed because it is duplicative of the breach of contract claim. While a "party certainly cannot succeed on claims for both breach of an express contract term and breach of the implied covenant based on the same facts," if "there is a dispute over the meaning of the contract's express terms, there is no reason to bar a plaintiff from pursuing both types of claims in the alternative." *Spinelli v. NFL*, 903 F.3d 185, 206 (2d Cir. 2018). Here, the parties dispute the meaning of the contracts' terms about the reasonable rate of interest, so this claim cannot be

---

[2] Wells Fargo requests judicial notice of the extremely low interest rates from seven other financial services firms that are alleged in the complaints of other cash sweep cases (Exhibits 15–21). The request is denied. At most, judicial notice could be taken of the fact these complaints were filed, but the allegations within the complaints are not judicially noticeable as fact. Regardless, the low rates charged by these seven companies does not change the conclusion that the plaintiffs here have adequately alleged that Wells Fargo's rates were unreasonable.

dismissed at this stage.

5. *Breach of Fiduciary Duty*. The plaintiffs have stated a breach of fiduciary duty claim for advisory clients. However, the claim is dismissed for non-advisory clients.

For advisory clients like Nadolny, the complaint adequately alleges that Wells Fargo has a fiduciary duty established by contract. Complaint ¶¶ 74–75; Account Disclosures, Ex. 14 ("If you are an investment advisory client, we owe you a fiduciary duty, which means that – legally and ethically – we must act in your best interest."). And the complaint adequately alleges that Wells Fargo breached this duty by sweeping cash into the cash sweep program instead of recommending a better investment vehicle.

For non-advisory clients, the complaint fails to allege a fiduciary duty. Unlike with the advisory clients, nothing in the contracts with non-advisory clients expressly establishes a fiduciary relationship. The plaintiffs point to language that states Wells Fargo acted as an "agent" on behalf of customers in making deposits into and withdrawals from the cash sweep program and that Wells Fargo had discretion over aspects of the program such as which customers were eligible and what banks the cash was deposited into. But "where the broker is not recommending investments to the client, but rather acting primarily as a banker[,] a fiduciary duty is not created." *Crigger v. Fahnestock & Co.*, No. 01 CIV. 07819, 2003 WL 22170607, at *10 (S.D.N.Y. Sept. 18, 2003) (citing cases); *Ascot Fund Ltd. v. UBS PaineWebber, Inc.*, 814 N.Y.S.2d 36, 36 (N.Y. 1st Dep't 2006) (no fiduciary duty when a broker provides no advice and possesses "no discretionary trading authority"); *see DeBlasio v. Merrill Lynch & Co.,* No. 07CIV318, 2009 WL 2242605, at *29 (S.D.N.Y. July 27, 2009). There is no default duty for a broker like Wells Fargo to provide investment advice on uninvested cash, and the complaint does not allege that any of the contracts created such a duty, nor does it allege that Wells Fargo had any discretionary authority to move cash in and out of the cash sweep program on the customer's behalf. *See DeBlasio*, 2009 WL 2242605, at *31.

The plaintiffs also attempt to establish a fiduciary duty by alleging that Wells Fargo recommended the cash sweep program to its non-advisory customers. To support that allegation,

5

the complaint solely points to a sentence in the Regulation Best Interest Disclosure that states, "We have an incentive to recommend that you use, and maintain cash positions in, the sweep vehicles that are more profitable to us and our affiliates." Complaint ¶ 81. But acknowledging an incentive is not the same as admitting that Wells Fargo makes such recommendations. And neither plaintiff Bujold nor Cobb allege that they were ever told by Wells Fargo to keep uninvested funds in the cash sweep program as opposed to another investment vehicle.

6. *Unjust Enrichment*. An unjust enrichment claim is "precluded if a valid and enforceable written contract, even an implied contract, governs the relevant subject matter." *Goldberg v. Pace*, 88 F.4th 204, 215 (2d Cir. 2023); *see IDT Corp. v. Morgan Stanley Dean Witter*, 12 N.Y.3d 132, 142 (N.Y. 2009). Here, even though the parties dispute the meaning of express terms of the contracts, both parties agree that the contracts are valid and enforceable and cover the relationship between Wells Fargo and its cash sweep clients.

7. *Claims Against Wells Fargo & Company (WFC) and FiNet*: Both WFC and FiNet are dismissed. WFC is the parent company, and the complaint fails to plead facts sufficient to hold it liable for the actions of its subsidiary under any alter ego or agency theory. FiNet is dismissed for lack of standing because no plaintiff had an account with FiNet and no plaintiff pled any relationship with FiNet.

\*   \*   \*

Dismissal is with leave to amend except for the unjust enrichment claim, which is dismissed without leave to amend. Any amended complaint is due within 21 days of this order. Alternatively, if discovery on the surviving claims reveals evidence to support the claims that are now being dismissed, the plaintiffs may seek leave to add back the claims at that time.

**IT IS SO ORDERED.**

Dated: June 27, 2025

VINCE CHHABRIA
United States District Judge