1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Wells Fargo Cash Sweep Litigation* | Case No. 3:24-cv-04616-VC-RMI <br><br> <u>CLASS ACTION</u> <br><br> **[P̶R̶O̶P̶O̶S̶E̶D̶] ORDER REGARDING DISCOVERY DISPUTES** <br><br> **Judge: Hon. Vince Chhabria** <br> **Magistrate Judge: Hon. Robert M. Illman** |

Upon consideration of the parties' Joint Discovery Letter Brief (the "Letter Brief") filed November 17, 2025 (ECF No. 196), and for good cause shown and the reasons stated at the discovery hearing held on November 20, 2025, **IT IS HEREBY ORDERED THAT:**

## I. CUSTODIANS, TIME PERIODS, AND SEARCH TERMS

As set forth in the last two paragraphs under Section I of Plaintiffs' portion of the Letter Brief (Hr'g Tr. (ECF No. 205) at 8:9-15), Defendant Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors, LLC ("Wells Fargo Advisors" or "WFA") shall produce to Plaintiffs documents from the following 14 custodians for the specified time periods:

|    | Custodian            | Time Period              |
|----|----------------------|--------------------------|
| 1  | Joseph Nadreau       | 12/1/22 through 7/30/24  |
| 2  | Kathy Balding        | 1/1/18 through 7/30/24   |
| 3  | James Franklin       | 1/1/18 through 7/30/24   |
| 4  | Sunil Kothapalli     | 1/1/18 through 7/30/24   |
| 5  | Richard Scott Nelson | 12/1/22 through 7/30/24  |
| 6  | Rakesh Patel         | 1/1/18 through 7/30/24   |
| 7  | Roderick Sigler      | 1/1/18 through 7/30/24   |
| 8  | Michael Santomassimo | 1/1/18 through 7/31/25   |
| 9  | Sean Faeth           | 12/1/22 through 7/31/25  |
| 10 | Sol Gindi            | 12/1/22 through 7/31/25  |
| 11 | Patricia Loepker     | 12/1/22 through 7/31/25  |
| 12 | Malia McDermott      | 12/1/22 through 7/31/25  |
| 13 | Prasanna Someshwar   | 12/1/22 through 7/31/25  |
| 14 | Barry Sommers        | 12/1/22 through 7/31/25  |

The parties shall continue to negotiate in good faith the search terms to be used to identify responsive documents from the above custodians. In that regard, Defendant shall produce to Plaintiffs the "hit report" generated from Plaintiffs' proposed search terms that was referenced at the November 20, 2025 hearing within two days of the date of this Order. Defendant shall also generate and produce to Plaintiffs any additional "hit report" results based on a modified set of search terms as soon as practicable and will communicate in good faith regarding the timing of providing such hit report(s). By December 19, 2025, if any disputes concerning search terms

persist, the parties shall file a joint letter pursuant to section 4 of Judge Illman's General Standing Order.

## II. PERSONAL DEVICES AND DATA SOURCES

As set forth in the first paragraph of Section II of Defendant's portion of the Letter Brief (Hr'g Tr. (ECF No. 205) at 4:14-22, 8:16-19), Wells Fargo Advisors shall **not** be required to search or collect documents from any personal devices at this time. Instead, for the above 14 custodians, Wells Fargo Advisors shall verify with each custodian through custodial interviews whether personal devices or messages were used for substantive communications regarding the Cash Sweep Program. Hr'g Tr. (ECF No. 205) at 8:16-23. Defendant shall complete the verification process by December 19, 2025 (or earlier) to the extent practicable and, if personal devices or messages were used for substantive communications regarding the Cash Sweep Program by any of the custodians, the parties shall meet and confer to discuss a potential search of such personal devices, and any disputes concerning the search and collection of documents from personal devices shall be outlined in a joint letter pursuant to section 4 of Judge Illman's General Standing Order. *Id.*[1]

In addition, the court finds good cause to grant the administrative motion to consider whether another party's material should be sealed (dkt. 195).

**IT IS SO ORDERED.**

Dated: December 2, 2025

The Honorable Robert M. Illman
United States Magistrate Judge

---

[1] While not required to search any personal devices or messages at this time, Wells Fargo Advisors has agreed and shall search all other data sources identified in the first paragraph of Section II of Defendant's portion of the Letter Brief (Hr'g Tr. (ECF No. 205) at 4:14-22, 8:18-20): "(1) All messaging communications, including WhatsApp, SMS text messaging, and any other text and messaging platforms; (2) any CSP-related hard-copy documents; (3) any CSP-related shared drives; (4) any CSP-related SharePoint sites; (5) any CSP-related Teams channels/sites; (6) WFA's Enterprise Complaint Management Platform; (7) all of the Custodians' [company] email accounts []; and (8) all devices used by Custodians [] owned by Wells Fargo." ECF No. 196 at 5.