Salvatore J. Graziano (*pro hac vice*)
John J. Rizio-Hamilton*
Adam H. Wierzbowski (*pro hac vice*)
Michael D. Blatchley (*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
salvatore@blbglaw.com
johnr@blbglaw.com
adam@blbglaw.com
michaelb@blbglaw.com

Jonathan D. Uslaner (Bar No. 256898)
2121 Avenue of the Stars, Suite 2575
Los Angelas, CA 90067
Tel: (310) 819-3481
jonathanu@blbglaw.com

*Attorneys for Plaintiffs Keith Bujold,
Edward Nadolny, and Darren Cobb
and Interim Class Counsel*

[*Additional Counsel Listed on Signature Page*]

David G. Hille (*pro hac vice*)
Gregory M. Starner (*pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
dhille@whitecase.com
gstarner@whitecase.com

Bryan A. Merryman (SBN 134357)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
bmerryman@whitecase.com

*Attorneys for Defendant
Wells Fargo Clearing Services, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Wells Fargo Cash Sweep Litigation* | Case No. 3:24-cv-04616-VC<br><br>**[PROPOSED] STIPULATED ORDER REGARDING REMOTE DEPOSITION PROTOCOL** |

**IT IS HEREBY STIPULATED**, between plaintiffs Keith Bujold, Edward Nadolny, and Darren Cobb (collectively, "Plaintiffs"), and defendant Wells Fargo Clearing Services, LLC ("Defendant," and collectively with the Plaintiffs, the "Parties"), by and through their respective counsel of record, and subject to this Court's approval that:

The following protocol shall apply to all Remote Depositions, unless otherwise agreed by the Parties or ordered by the Court:

1. Any deposition taken remotely by videoconference ("Remote Deposition") pursuant to this stipulation or this Court's orders must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that, (1) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (2) that officer must administer the oath or affirmation to the deponent. A Remote Deposition taken pursuant to this Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness, as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees. The witness may be sworn in remotely with the same effect as an oath administered in person.

2. At least one business day before the deposition, the party noticing the deposition must identify the company that will host and record the remote deposition (the "Remote Deposition Vendor"). The party noticing the deposition must provide the witness's counsel with instructions regarding how to access the remote connection being utilized and participate in the Remote Deposition at least one business day before the deposition. The Parties will meet and confer to arrive at a mutually agreeable process should any issues arise.

3. To host a Remote Deposition, a Remote Deposition Vendor must have

implemented adequate security measures to ensure the confidentiality of the remote deposition (e.g., video and audio feeds, exhibits). These security measures must include password protection and tools such as a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition.

4. At the time of the deposition, the witness must advise the court reporter of his or her physical location. The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness. Other than the application required to conduct the deposition, the witness shall not have any other applications open or running on the electronic device being used for the deposition.

5. The microphones and video feeds for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record. Other remote attendees should mute microphones when not speaking. The Remote Deposition Technology must be able to show in real-time a list of all persons attending the Remote Deposition. The participating attorneys and witness must be visible to all other participants during the deposition. Only individuals who would be entitled to attend a live deposition in this litigation may participate in or observe the remote deposition. All individuals participating in any deposition must announce themselves for the record.

6. Only the witness's counsel is permitted to be in the same physical location as the witness during a Remote Deposition. No other individuals are permitted to be in the same room as the witness during a Remote Deposition. If the witness's counsel intends to be in the same physical location as the witness during a Remote Deposition, they must provide notice to counsel for the noticing party prior to the start of the Remote Deposition. If the witness's counsel is present

in the same physical location as the witness during a Remote Deposition, such counsel shall separately log in to the remote deposition platform so that all Remote Deposition participants can both see and hear such counsel, but may mute his or her audio if leaving audio on causes feedback or other issues due to proximity to the witness's microphone.  If any person enters the room where the witness is located during the deposition, other than the witness's counsel, the witness shall immediately notify the examining attorney of the additional persons in the room.

7. Any document that may be used as an exhibit during the deposition shall be transmitted by the examining attorney to all Remote Deposition participants in real time or in advance electronically through the Remote Deposition Vendor's remote deposition platform, secure file transfer, or email, before or during the course of the Remote Deposition.  The witness shall not review documents during the deposition, other than those marked by the examining attorney as exhibits or otherwise used by the examining attorney, without notifying the examining attorney.

8. During the deposition examination, no person is permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (e.g., no text or email exchanges with the witness are permitted).  All private chat features on the Remote Deposition Technology being utilized shall be disabled.  All applications on the witness's device other than the applications being utilized to conduct the deposition shall be closed.  No witness shall communicate with any person (verbally, in writing, or by conduct) while on the record at the deposition in a manner that the examining attorney cannot personally observe through the Remote Deposition Technology.  However, the witness's counsel may communicate with the witness telephonically or by other electronic means (including, but not limited to, the use of the remote connection software) during breaks in the deposition, consistent with the Federal Rules of Civil

Procedure and the Local Rules of the Northern District of California.

9. During breaks in the deposition, the Parties may use any breakout room feature provided by the Remote Deposition Vendor, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Remote Deposition Vendor prior to the deposition and shall be controlled by the Remote Deposition Vendor.

10. Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in Internet connection, will not result in waiver of objections by any party. If a technical issue prevents any person from being able to see or hear one or more of the other persons clearly or to access published exhibits, the person encountering such technical issue shall promptly notify the other participants.

11. Nothing in this Order prevents a party from moving for a protective order under Fed. R. Civ. P. 26(c) to require that a given individual deposition proceed in person. Further, nothing in this Order precludes counsel for a witness from being in the same room as the witness, if the witness consents.

12. The Parties may agree on ad hoc modifications to this protocol to accommodate the needs of a particular witness or to resolve any issues that arise with respect to a particular deposition. Such modifications may be agreed in writing or memorialized on the record at a deposition. In the event that any issues in connection with a Remote Deposition participant or this Remote Deposition Protocol cannot be resolved consensually, subject to the Court's availability, the Parties may seek a telephonic hearing with this Court on an expedited basis if necessary.

IT IS SO STIPULATED.

DATED:  December 10, 2025

| | |
|---|---|
| */s/ Adam H. Wierzbowski* | */s/ Gregory M. Starner* |

*/s/ Adam H. Wierzbowski*
Salvatore J. Graziano (*pro hac vice*)
John J. Rizio-Hamilton*
Adam H. Wierzbowski (*pro hac vice*)
Michael D. Blatchley (*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
salvatore@blbglaw.com
johnr@blbglaw.com
adam@blbglaw.com
michaelb@blbglaw.com

-and-

Jonathan D. Uslaner (Bar No. 256898)
2121 Avenue of the Stars, Suite 2575
Los Angelas, CA 90067
Tel: (310) 819-3481
jonathanu@blbglaw.com

-and-

Joshua P. Davis (Bar No. 193254)
Kyla J. Gibboney (Bar No. 301441)
Julie A. Pollock (Bar No. 346081)
**BERGER MONTAGUE PC**
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Tel: (800) 424-6690
jdavis@bergermontague.com
kgibboney@bergermontague.com
jpollock@bergermontague.com

-and-

Michael Dell'Angelo (*pro hac vice*)
Andrew D. Abramowitz (*pro hac vice*)
Jacob M. Polakoff (*pro hac vice*)
Alex B. Heller (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103

*/s/ Gregory M. Starner*
David G. Hille (*pro hac vice*)
Gregory M. Starner (*pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
dhille@whitecase.com
gstarner@whitecase.com

Bryan A. Merryman (SBN 134357)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
bmerryman@whitecase.com

*Attorneys for Defendant
Wells Fargo Clearing Services, LLC*

Tel: (215) 875-3000
mdellangelo@bergermontague.com
aabramowitz@bergermontague.com
jpolakoff@bergermontague.com
aheller@bergermontague.com

-and-

Deborah Rosenthal (Bar No. 184241)
**SIMMONS HANLY CONROY LLP**
455 Market Street, Suite 1270
San Francisco, CA 94105
Telephone: 415-536-3986
drosenthal@simmonsfirm.com
-and-Thomas I. Sheridan, III (*pro hac vice*)
Sona R. Shah (*pro hac vice*)
112 Madison Avenue
New York, NY 10016
Telephone: (212) 784-6404
Facsimile: (212) 257-8482
tsheridan@simmonsfirm.com
sshah@simmonsfirm.com

*Counsel for Plaintiffs Keith Bujold,*
*Darren Cobb, and Edward Nadolny*
*and Interim Class Counsel*

\**pro hac vice* forthcoming

**IT IS ORDERED** that the above Remote Deposition Protocol is approved.

Dated: December 11, 2025

_____

Magistrate Judge Robert M. Illman

UNITED STATES DISTRICT/MAGISTRATE JUDGE